**INSTRUCTION NO.   1  **

    Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in Sec. 1983 cases.  Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

**INSTRUCTION NO.    2**


     If you find that the plaintiff's rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations.  <u>Carey v. Piphus</u>, 435 U.S. 247 (1987).

## INSTRUCTION NO.   3

    In considering the issue of plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.  Damages must not be based on speculation or sympathy because it is only actual damages - what the law calls compensatory damages - that are recoverable.

**INSTRUCTION NO.   4**

You may not award any damages to the plaintiff based on loss or damage he sustained for his constitutional rights.  You may only award damages which were caused to them for violations of his constitutional rights and nothing else.  <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1st Cir. 1986).

**INSTRUCTION NO.   5  **

If you find the defendant did not violate the plaintiff's constitutional rights, then you may not assess any damages.  <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1ˢᵗ  Cir. 1986)

**INSTRUCTION NO. __6__**

If you find that the plaintiff suffered no injury, no compensatory damages can be awarded. <u>Memphis County School District v. Stachura</u>, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

**INSTRUCTION NO.   7**

The plaintiff's case is presented to the Court in the form of a complaint.  The complaint is brought under a federal law that is known as Section 1983 of Title 42 of the United States Code. That law provides that any person may seek redress in this Court by way of damages against any person or persons who, under color of law, knowingly subject such person to the deprivation of a right protected by the United States Constitution.  In this instance the Plaintiff's Complaint alleges that the plaintiff was deprived of his rights pursuant to the Fourth Amendment to the United States Constitution.

**INSTRUCTION NO.   8  **

    The plaintiff has the burden of proving by a preponderance of the evidence that the defendants had violated his constitutional rights.  You must be convinced that each element of the charges they bring more likely than not occurred as they described.

**INSTRUCTION NO.   9 **


      For the defendant to be liable, the plaintiff has the burden of proving by a preponderance of the evidence that whatever injuries they suffered were proximately caused by the conduct of the defendant.  That is, you cannot find that the defendant violated the plaintiff's constitutional rights unless you find that there is a sufficient casual connection between the defendant's acts and the alleged injury.  To determine whether there is an affirmative link between the defendant's acts and the alleged injury.  <u>Fernandez v. Chardon</u>, 681 F. 2d 42, 55 (1st Cir. 1982), aff'd sub. <u>nom</u>. <u>Chardon v. Soto</u>, 103 S. Ct. 2611, 77 L. Ed. 2d 47 (1983); <u>Rizzo v. Goode</u>, 443 U.S. 362, 371 (1976).

**INSTRUCTION NO.   10**

The law grants governmental officials qualified immunity if their conduct is reasonable in light of clearly established statutory or constitutional law.  Harlow v. Fitzgerald, 457 U.S. 800, (1982).  Even if the law is clearly established, you must still examine all the facts to determine if the conduct of the defendants was reasonable.  Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987).

If you find that the defendant's conduct was reasonable in light of the law and particular facts then you must return a verdict for the defendants.

**INSTRUCTION NO.   11**

     A public official has a qualified immunity and is thereby shielded from liability for civil damages if his conduct does not violate clearly established federal constitutional rights of which a reasonable person would have knowledge.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Anderson v. Creighton</u>, 483 U.S. 635 , 107 S. Ct. 3034 (1987).

**INSTRUCTION NO.   12**

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law".  <u>Hunter v. Bryant</u>, 116 L.Ed. 589 (1991).

**INSTRUCTION NO.   13**

You have the discretion to assess punitive damages in an action under 42 U.S.C. Sec. 1983 and M.G.L. c. 12 § 11H if and only if you find the police officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the plaintiff. Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625 (1983); Larez v. City of Los Angeles, 946 F.3d 630 (9th Cir. 1991). Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing. Rosado v. Santiago, 562 F. 2d 114, 121 (1st Cir. 1977).

**INSTRUCTION NO.  14 **

 The defendants in their capacity as a police officers were entitled to use force to protect themselves and to effectuate the arrest and custody of the plaintiff.  <u>Commonwealth v. Klein</u> 372 Mass. 823(1977).

**INSTRUCTION NO. 15**

If you find that the plaintiff's injuries were the result of unintended conduct by the defendants, you may not award damages for any injuries resulting from such conduct.

Daniels v. Williams, 474 U.S. 335 (1986); Williams v. City of Boston, 7784 F. 2d 430, (1st Cir. 1986).

## INSTRUCTION NO.   16

"The use of force must not only be intentional but also unjustified.  Conversely, if the use of force is justified, though intentional, there is no battery."  Nolan, Criminal Law, 32 Mass. Prac. Section 322 at 173, citing Commonwealth v. Randall, 70 Mass. 36 (1855) and Commonwealth v. Cooky, 72 Mass. 350 (1856).

A police officer is justified in using such force as is necessary to overcome the resistance offered by one being lawfully arrested.  Powers v. Sturtevant, 199 Mass. 265 (1908).  Thus, a police officer is justified or privileged to use force in making a lawful arrest, Id., and cannot be held liable for assault and battery.

**INSTRUCTION NO.  17**

**Excessive Force**


      The test you are to use to determine if the force used in this case was excessive in this: pay careful attention to the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue; whether the person against whom the force was used posed an immediate threat to the safety of the police or others; and whether the person against whom the force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get away). You must weigh together all of these three factors to determine whether or not the force used was or was not excessive.  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO. 18**

With respect to a claim of excessive force, the standard of reasonableness at the moment the force is used applies.  Schulz v. Long, 44 F.3d 643 (8th Cir. 1995).

**INSTRUCTION NO.  19**

Every push and shove does not amount to a constitutional violation.  <u>See</u>, <u>Roy v. Inhibitants of the City of Lewistown, et al.</u>, F.3d  (Dec. 21, 1994)  <u>Paul v. Davis</u>, 42 U.S. 693, 699-701 (1976); <u>Meredith v. State of Arizona</u>, 532 F. 2d 481, 483 (9th Cir. 1975); <u>O'Grady v. City of Montpelier</u>, 573 F. 2d 747, 751 (2nd Cir. 1978); <u>Reed v. Philadelphia Housing Authority</u>, 372 F. Supp. 686, 689-692 (E.D. Pa., 1974); <u>Suits v. Lynch</u>, 437 F. Supp. 38, 40 (D. Kan., 1977); <u>Donahue v. Maynard</u>, 437 F. Supp. 49 (D. Kan., 1977); <u>Fisher v. Turner</u>, 335 F. Supp. 557 (D. Utah, 1972); <u>See</u>, <u>Howell v. Cataldo</u>, 464 F. 2d 272, 282 (3rd Cir. 1972).

**INSTRUCTION NO.  <u>20</u>**

In order to determine whether the defendant violated the plaintiffs' Fourth Amendment constitutional rights, you must decide whether or not the defendant's use of force was reasonable. <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

## INSTRUCTION NO.  21

The proper application of what is reasonable requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

<u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO. <u>22</u>**

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight.

<u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

## INSTRUCTION NO.  <u>23</u>

"[N]ot every push or shove even if it may later seem unnecessary in the peace of a judge's chambers" will violate the Fourth Amendment.  <u>Graham v. O'Connor</u>, 1872, quoting, <u>Johnson v. Glick</u>, 481 F. 2d 1028, 1033 (2nd Cir. 1873); see also <u>Bibbo v. Mulhern</u>, 621 F. Supp. 1018, 1023-24 (D. Mass. 1985) ("Where the plaintiff's allegations are of improper and excessive use of force by the police in effecting an arrest, the inquiry into whether the allegations describe a constitutional tort focuses on the reasonableness of the seizure viewed under the totality of circumstances").

**INSTRUCTION NO. <u>24</u>**

The reasonableness or excessiveness of the force necessary is a matter to be determined in the light of the circumstances as they appear to the officer at the time of the arrest; and juries are not to substitute their own judgment (as a "Monday morning quarterback") for the official discretion of the functionary in the front line, when such discretion if exercised reasonable.  Force thus found to be reasonable or not excessive under the circumstances is deemed to be in conformity with, and not in contravention of, due process of law; and hence does not create liability under 42 U.S.C. Section 1983.  <u>Samuel v. Busnuck</u>, 423 F. Supp. 99 (1976).

**INSTRUCTION NO.   25  **

Four factors should be considered in determining whether the officer had violated the plaintiff's constitutional rights:

1.    the need for the application of the force;

2.    the relationship between the need and the amount of the force that was used;

3.    the extent of injury inflicted; and

4.    whether the force was applied in good faith effort to have effectuate the arrest or maliciously or sadistically for the very purpose of causing harm.

Davis v. Forrest, 768 Fed. 2d 256 (1985)

**INSTRUCTION No.  26**

To evaluate whether or not the defendants have qualified immunity, you must "first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." <u>Wilson v. Layne</u>, __U.S.____, 119, S.Ct. 1692, 1697 (1999).

**INSTRUCTION No. 27**
**State of Mind: General**

In order for the plaintiff to establish that he was deprived of a federal right under §1983, he must also show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendant officers were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant officers.  5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-75 (1998); <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-90 (1989); <u>Daniels v. Williams</u>, 474 U.S. 327, 336 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).

## INSTRUCTION NO.    28
### State of Mind: Intentional

An act is intentional if it is done knowingly-that is, if it is done voluntarily and deliberately and not because of mistake, accident or negligence.  In determining whether the defendant officers acted with requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done; what the people involved said was in their minds; and your belief or disbelief with respect to those facts. 5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-76 (1998).

**INSTRUCTION NO.   29**
**Deprivation of Right: Excessive Force**

The plaintiff claims that the defendant officers violated his rights to be free from the use of excessive force against him.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force.  A law enforcement official may employ only the amount of force necessary under the circumstances.

To determine whether the defendant officers' alleged acts caused the plaintiff to suffer a loss of a federal right, you must determine whether the amount of force used against him was that which a reasonable officer would have employed under similar circumstances.  The reasonableness inquiry asks whether the officer's actions are <u>objectively</u> reasonable in light of the facts and circumstances confronting them at the time.  The determination should be made without regard to the officers' underlying intent or motivation.  You should however, take into account the severity of the alleged crime at issue, whether the plaintiff posed an immediate threat to the safety of the officers or others; and whether the plaintiff actively resisted the defendant officers or attempted to evade them by flight.

A police officers has a right to use reasonable force to defend themselves if they reasonably believe that they may be in imminent danger of bodily harm.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.  If you find that the plaintiff suffered only <u>a minor physical injury</u>, a minor physical injury, without more, is <u>insufficient</u> to support an inference that a police officer used inordinate or excessive force to effect an arrest.  Although you must focus on the reasonableness of the defendant officers' actions, you do not have to determine whether the officers had less intrusive alternatives available, for the officers need only to have acted within the range of conduct identified as reasonable.  <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Alexis v. McDonald's Rests. of Mass., Inc.</u>, 67 F.3d 341 (1st Cir. 1994); <u>Tatro v. Kervin</u>, 41 F.3d 9, 14-15 (1st Cir. 1994); <u>Dean v. City of Worcester</u>, 925 F.2d 364 (1st Cir. 1991); <u>Commonwealth v. Martin</u>, 369 Mass. 640 (1976).

**INSTRUCTION NO. <u>30</u>**

The right to make an arrest carries with it the right to use some degree of physical coercion or threat thereof to effect it.  <u>Saucier v. Katz</u>, 121 S.Ct. 2151, 2159 (2001) <u>citing</u>, <u>Graham v. Connor,</u> 490 U.S. 396 (1989).

**INSTRUCTION NO. 32**

    The Fourth Amendment inquiry in excessive force cases asks whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.

<u>Napier v. Town of Windham</u>, 187 F.3d 177 (1st Cir. 1999)

**INSTRUCTION NO. 33**

 The Fourth Amendment's search and seizure provisions relative to the use of deadly force incident to arrest depends solely on whether the officer's conduct was "objectively reasonable." Graham v. Connor, 490 U.S. 396 (1989); Roy v. Inhabitants of the City of Lewiston, 42 F.3d 691, 694 (1st Cir.1994); Napier v. Town of Windham, 187 F.3d 177 (1st Cir. 1999).

**INSTRUCTION NO.   34**

    A civil Assault is an intentional tort consisting of the intentional creation of an apprehension of immediate physical harm by means of an overt gesture.  <u>Restatement, Second Torts,  section 21</u>.

    A Battery consists of the intentional and unjustified use of force upon the person of another, however slight.  <u>Restatement, Torts, Second, Section 13</u>. <u>Commonwealth v. McCan</u>, 277 Mass. 199, 203, 178 n.E. 633, 634 (1931).

**INSTRUCTION NO. ___35___**


    The critical question in an assault and battery claim against a police officer is whether the officer used intentional and unjustified force upon the person of another. <u>Powers v. Sturtevant,</u> 199 Mass. 265, 266, 85 N.E. 84 (1908);  <u>Rose v. Town of Concord,</u> 971 F.Supp. 47 (D.Mass. Jul 15, 1997).

**INSTRUCTION NO. 36**


An officer authorized to make an arrest may use 'such force as is reasonably necessary to effect the arrest.  <u>Julian v. Randazzo</u>, 380 Mass. 391, 396 n. 1, 403 N.E.2d 931 (1980).